STATE v. WILLOUGHBY M. BABCOCK.[1]

October 24, 1902.

Nos. 13,104—(27).

Taxes—Independent School District.

> G. S. 1894, § 1558, as amended, construed, and *held*, that an independent school district has the power to levy a tax for the support of its schools in excess of fifteen mills on the dollar of its assessed valuation.

In proceedings in the district court for Hennepin county to enforce payment of delinquent real estate taxes for the year 1900, defendant Willoughby M. Babcock interposed an answer. The case was tried before Elliott, J., who found in favor of plaintiff, and, on application of defendant, certified to the supreme court for its determination the question set out in the opinion. Affirmed.

[1] Reported in 91 N. W. 842.

*W. B. Douglas,* Attorney General, *Fred H. Boardman,* County Attorney, and *C. L. Smith,* for plaintiff.

*Willoughby M. Babcock,* pro se.

START, C. J.

This is a certified tax case, and the question certified for our answer is this: "Has an independent school district the right and power to levy a special tax for the support of the schools in said district in excess of fifteen mills on the dollar assessed valuation, and, if it does, has the county auditor the right and power to extend such tax on the tax lists of his county? In other words, does the general school (tax) law limiting the amount of tax which may be raised for the support of schools include independent school districts?"

Our answer is that an independent school district has the right to levy a tax for the support of its schools in excess of fifteen mills on the dollar of its assessed valuation, and it is the duty of the county auditor to extend such tax. If there be any limitation on the power of independent school districts to raise money by taxation for the support of their schools it is to be found in the general tax law of the state (G. S. 1894, § 1558, as amended by Laws 1899, c. 117). The here material provisions of the section, before it was amended, are these:

"There shall be levied annually on each dollar of taxable property in the state * * * for the several purposes enumerated, taxes at the rates specified as follows: For state purposes, such amount as may be levied by the legislature. * * * For school district purposes, in addition to the general tax of one mill, such sum as may be voted at any legal meeting of the qualified voters of the district, the rate of which shall not exceed nine mills for the support of the school, or one per cent. for the erection of a school house, * * * and that nothing in this section shall be construed to prevent the county commissioners, township supervisors, or corporate authorities of any city, town, village or school district, from levying any tax which by any special law they may be authorized to levy."

The only change made by the amendment to the section was to increase the limitation of nine mills for school district purposes to fifteen mills.

The decisive question in this case is whether independent school districts are included in such limitation. In considering this question the distinction between independent school districts and common school districts, and their relative powers and duties, must be kept in mind. Independent school districts are largely what their name implies; that is, they are not bound by any statutory provisions relating to common school districts which conflict with the powers specially granted to them and duties specially imposed upon them. They can only be organized when their territorial limits, which may be six miles square, contain a population of at least five hundred, and their affairs are to be managed very largely by a board of education, which has the power and it is its duty:

"First: To establish and organize such grades of schools, alter and discontinue the same, in said district, as they may deem expedient. Second: To provide necessary rooms or buildings for school houses, and grounds about the same. Third: When authorized by a vote of the district, to purchase or erect one or more school houses and purchase sites for the same." "Eleventh: To provide for the prompt payment, at maturity, of the principal and interest of any indebtedness of the district by voting, from time to time, taxes upon the taxable property of said district sufficient to meet the same, making allowances for delinquency in paying any part of such taxes. * * * Said board of education shall keep said schools in operation not less than twelve, nor more than forty-four weeks in each year; determine the amount of the annual tax to be raised for the purpose aforesaid, including all the necessary expense of said schools, except for the erection of school houses and the purchase of sites, and on or before the tenth day of October of each year, make known the amount of such tax to the auditor of the county in which said district is situated." G. S. 1894, §§ 3808, 3809.

On the other hand, the affairs of common school districts are managed largely by the legal voters thereof when duly assembled. The trustees thereof execute the directions of such voters, who must vote the necessary taxes for that purpose. It is only when the voters neglect such duty that the trustees have power to levy a tax. G. S. 1894, §§ 3677, 3686. This difference in the powers and duties of common school districts and those of independent school districts indicates that a greater tax levy is required by the latter than by the former. It may be true that sound public policy

requires that each should be limited as to the amount it may raise by taxation, but, if so, it is a question for the legislature.

Again, the fact that the qualified voters of a common school district are authorized to vote the necessary taxes for school purposes, and that the legal voters of an independent school district are not so authorized, but its board of education is alone empowered so to do, necessarily excludes independent school districts from the limitation in question. The limitation, by its express terms, applies only to such sum as may be voted at a legal meeting of the qualified voters of the district, and we accordingly hold that independent school districts are not included in the limitation. It is claimed that this construction ignores the last proviso to G. S. 1894, § 1558. The words "any school district," as used in the proviso, refer to school districts of the same class as those included in the limitation; hence, whatever the purpose of the proviso may have been, it does not refer to independent school districts.

Order affirmed.